**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ALEDWARD ROBERTSON,

    Petitioner,

v.                                           CASE NO: 8:07-cv-113-T-30TGW

ATTORNEY GENERAL, STATE
OF FLORIDA,

    Respondent.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondent's response (Dkt. #12) and Petitioner's reply (Dkt. #15). Upon review, the Court determines that the petition must be denied because there is no Constitutional violation and the state court properly applied Federal law.

### BACKGROUND

On November 22, 2002, Aledward Robertson ("Robertson" or "Petitioner") was found guilty of attempted armed robbery (Count I), armed burglary with a firearm (Count II), kidnapping (Count III), and aggravated battery with a firearm (Count IV). The trial court sentenced Petitioner to fifteen years imprisonment on Counts I and IV and life imprisonment on Counts II and III. Counts I, II, and III run concurrently while Count IV runs consecutive

to the first three counts. Petitioner appealed his convictions and sentences. On September 15, 2003, the Second District Court of Appeals issued the mandate affirming Petitioner's convictions and sentences. See Robertson v. State, 856 So. 2d 999 (Fla. 2d DCA 2003).

On June 15, 2004, Petitioner filed a motion for post-conviction relief under Fla. R. Crim. P. 3.850 ("Rule 3.850"). In his Rule 3.850 motion, Petitioner put forward six claims of ineffective assistance of counsel as grounds for post-conviction relief. The court hearing the Rule 3.850 motion denied all claims on August 3, 2005. Petitioner appealed the denial of his Rule 3.850 motion. On March 15, 2006, the Second District Court of Appeals issued the mandate affirming the denial of Petitioner's Rule 3.850 motion. Neither party filed briefs with the Second District before it issued its mandate.

Petitioner filed a motion for post-conviction relief under Fla. R. Crim. P. 3.800 on June 12, 2006. Petitioner put forth three claims based on sentencing issues and one claim based on ineffective assistance of counsel as grounds for relief. The court dismissed the ineffective assistance of counsel claim as successive and untimely. The court granted relief on the sentencing issues ordering that the minimum mandatory terms imposed on Counts I, II, and III be stricken. See Robertson v. State, 945 So. 2d 518 (Fla. 2d DCA 2006). On November 22, 2006, the decision was affirmed by the appellate court.

On January 16, 2007, Petitioner filed this 28 U.S.C. §2254 petition seeking federal habeas corpus relief on the following grounds:

Ground One: The trial court erred in limiting cross-examination of key state witnesses thus denying Petitioner his Constitutional rights.

Ground Two: Ineffective assistance of counsel for failure to call an exculpatory witness.

Ground Three: Ineffective assistance of counsel for failing to argue inaccurate impressions of state evidence.

Ground Four: Ineffective assistance of counsel for failing to introduce exculpatory evidence, specifically shoe treads and red paint spots.

Ground Five: Ineffective assistance of counsel for failing to object to prosecutorial misconduct in introducing pre-Miranda warning statements.

Ground Six: Ineffective assistance of counsel for failing to file a suppression motion on the introduction of evidence not proven to be directly related to Petitioner and for failing to file a motion in limine to bar the victim's identification of a t-shirt as the one worn by Petitioner.

Ground Seven: Cumulative effect of the above listed errors and omissions amounts to ineffective assistance of counsel.

Grounds Eight & Nine: The sentences imposed on Petitioner are illegal, though the illegality of the sentences have been partially addressed by the state courts.

Ground Ten: The Rule 3.800 court erred when it did not allow Petitioner to correct deficiencies that existed in the allegations of Petitioner's original Rule 3.850 motion regarding the ineffective assistance of counsel for failing to call an exculpatory witness.

The state argues that there was no misapplication of Federal law and that the state court properly applied the Strickland[1] standard to the ineffective assistance of counsel claims. Petitioner voluntarily waived Grounds Seven through Ten in his reply. Dkt. #15 at 18.

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

# DISCUSSION

## Merits

Petitioner brings this claim for federal habeas corpus relief under 28 U.S.C. §2254. To be granted federal habeas relief, a petitioner must bring claims of misapplied federal law or claims of unreasonable determination of facts. An application for federal habeas relief will not be granted unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). A state court decision is contrary Federal law "if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). The rule does not require that a state court cite the rule of federal law or even have knowledge of the federal law "so long as neither the reasoning nor the result of the state-court decision contradicts [federal law]." Early v. Payton, 537 U.S. 3, 8 (2002).

**Ground One:** **The trial court erred in limiting cross-examination of key state witnesses thus denying Petitioner his Constitutional rights.**

In support of Ground One, Petitioner asserts that the trial court limited defense counsel's ability to question a witness. Specifically, Petitioner claims that his counsel was not able to fully question the key state witness about inconsistences in the physical description of Petitioner and the other perpetrators. Petitioner argues that the limitation violated the Confrontation Clause. The state argues that the trial court properly exercised its discretion in preventing repetitive questions on re-cross examination.

A defendant's right to confront witnesses through cross examination is based in the Confrontation Clause of the Sixth Amendment. A court is able to place "reasonable limits on such cross examination based on concerns about . . . interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). Re-cross examination, on the other hand, is not guaranteed under the Confrontation Clause. In fact, "[a]llowing recross is within the sound discretion of the trial court except where new matter is elicited on redirect examination, in which case denial of recross as to that new matter violates the Confrontation Clause." United States v. Baker, 10 F.3d 1374, 1404 (11th Cir. 1993).

The limitation which Petitioner argues violates his Constitutional rights happened on re-cross examination. During re-cross examination, the trial court sustained a prosecutorial objection to repetitive questioning. Defense counsel asked almost the exact same question on re-cross examination as he did on cross examination. Petitioner is only guaranteed the

right to cross-examination and the right to re-cross examination on new matters elicited on re-direct examination. The trial court was well within its rights to limit repetitive questioning on re-cross examination. Petitioner did not have a right to repeat a question already put forth on cross examination. The trial court did not violate Petitioner's Constitutional rights by limiting the repetitive questioning on re-cross examination.

For the above reasons, the Petitioner's Constitutional right to confrontation of a witness were not violated at his trial. Therefore, ground one will be denied.

## Ineffective Assistance of Counsel Claims

In support of his federal habeas claim, Petitioner puts forth five claims of ineffective assistance of counsel. Petitioner argues that these violations by counsel denied him his Constitutional right to effective assistance of counsel at trial.

In order to receive relief on ineffective assistance of counsel claims, a petitioner must meet the two prong test of Strickland v. Washington, 466 U.S. 668 (1984). Under the Strickland test, a petitioner "must show that counsel's performance was deficient" and that the deficient performance prejudiced the defense. Id. at 687. The Strickland court further defines non-deficient performance as reasonable performance "under prevailing professional norms." Id. at 688. Under Strickland, prejudice means that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Counsel is presumed competent, therefore, a petitioner carries the burden to prove that "counsel's performance was unreasonable." Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000). In addition, defense counsel is allowed reasonable strategic trial decisions. Devier

v. Zant, 3 F.3d 1445, 1450 (11th Cir. 1995).

The state argues that under 28 U.S.C. §2254(d)(1) all the ineffective assistance of counsel claims must be denied because Petitioner does not show that the state court misapplied the Strickland test when Petitioner made his Rule 3.850 claim for post-conviction relief.

**Grounds Two through Six**

Petitioner claims ineffective assistance of counsel in Grounds Two, Three, Four, Five and Six. After reviewing the state court's decision of Petitioner's post-conviction Rule 3.850 claim, this Court finds that the Strickland standard was properly applied by the state court. Therefore, Grounds Two, Three, Four, Five, and Six will be denied.

**Ground Two:** **Ineffective assistance of counsel for failure to call an exculpatory witness.**

In support of Ground Two, Petitioner argues that counsel failed to question, depose, or call a county jail nurse as an exculpatory witness. Petitioner argues that the nurse's testimony was necessary to prove inconsistences in the state's case against him.

Petitioner fails to articulate a factual basis or provide evidence as to the potential testimony of the nurse. In addition, Petitioner fails to point out the inconsistences in the state's case that the nurse's testimony would have proven. This Court has no way to evaluate whether Federal law was misapplied because Petitioner has made no factual claim or showing as what the nurse's testimony would entail. This Court will not speculate as to what the nurse's testimony would have been.

In his state Rule 3.850 motion, Petitioner claimed that the nurse would have testified that the wound on Petitioner's face looked like a rash. Apparently, Petitioner believed this would show that he could not have been the perpetrator that was shot in the face with rat shot pellets. However, Petitioner provides no evidence that a rat shot wound would not appear rash-like.

The state court reasoned in its Rule 3.850 decision that defense counsel's handling of the nurse was not deficient because Petitioner could not show that the nurse was available to testify nor qualified to testify. This reasoning appears to be a proper application of the Strickland standard, but this Court has no way to evaluate if Federal law was misapplied due to the fact that Petitioner puts forth no factual basis for his claim. For these reasons, Ground two will be denied.

**Ground Three:** **Ineffective assistance of counsel for failing to argue inaccurate impressions of state evidence.**

In support of Ground Three, Petitioner argues that the treads of the shoes he was wearing at the time of his arrest did not match the treads evidenced in state photographs. Petitioner argues that counsel was aware of the discrepancy yet failed to display the shoes to the jury and explain the differences.

The state properly applied the Strickland standard. In its decision, the state court explained that neither the witness testifying about the shoe photographs nor the prosecutor in his closing argument made the claim that there was an exact match between Petitioner's shoes and the photographs of the shoe prints. The state court further mentioned that defense

counsel emphasized that the state was only making an allegation that the shoe prints matched. This emphasis constituted reasonable trial strategy. Petitioner did not show that counsel's performance fell below professional norms. In addition, the state court held that Petitioner was not prejudiced by the admission of the evidence.

Therefore, the state court properly applied <u>Strickland</u> and Ground Three will be denied.

**Ground Four:** **Ineffective assistance of counsel for failing to introduce exculpatory evidence, specifically shoe treads and red paint spots.**

In support of Ground Four, Petitioner argues that counsel should have introduced into evidence the shoe treads and red paint spots on the shoes in order to disprove the state's case. Petitioner further argues that the red spots on the shoes gave the impression of blood to the jury.

Again, the state court properly applied <u>Strickland</u>. As pointed out in Ground Three, defense counsel's handling of the shoe tread evidence constituted legitimate trial strategy and Petitioner failed to carry his burden of showing that the actions fell below the standard of professional norms. The state court made clear that Petitioner's impression that the jury thought the red spots on the shoes were blood "is not based on any evidence in the record." Dkt. #12 at 17. The state never presented evidence that the spots were blood and photos of the shoes were not shown to the jury. Though the shoes were entered into evidence, the jury never examined them.

As a result, Petitioner failed to show how he was prejudiced by counsel's actions. The state court properly applied Strickland and Ground Four will be denied.

**Ground Five:** **Ineffective assistance of counsel for failing to object to prosecutorial misconduct in introducing pre-Miranda warning statements.**

In support of Ground Five, Petitioner argues that defense counsel should have objected to the state's introduction of the statements he made before he was given his Miranda rights.

The state court properly applied Strickland because defense counsel's actions in regard to the pre-Miranda statements met professional norms. Petitioner voluntarily provided information as to his presence near the crime scene when the police made initial contact. The state was free to use those statements in making its arguments at trial. See United States v. White, 2008 WL 4962960 (9th Cir. 2008) (allowing statements made by defendant that were voluntary and not made pursuant to custodial interrogation to be admitted into evidence); See also Florida v. Royer, 460 U.S. 491, 497 (1983) (finding that a police officer can approach an individual in a public place, ask the individual questions, and enter the answers into evidence without violating the Fourth Amendment) and INS v. Delgado, 466 U.S. 210, 216 (1984) (holding that "interrogation relating to one's identity or a request for identification by the police does not, by itself, constitute a Fourth Amendment seizure"). Defense counsel cannot be expected to object to the statement because objecting would have been fruitless. Therefore, Ground Five will be denied.

**Ground Six:** **Ineffective assistance of counsel for failing to file a suppression motion on the introduction of evidence not proven to be directly related to Petitioner and for failing to file a motion in limine to bar in the victim's identification of a t-shirt as the one worn by Petitioner.**

In support of Ground Six, Petitioner argues that defense counsel should have moved to suppress the t-shirt because of inconsistences regarding the color of the shirt. Originally, the victim told police that the perpetrator wore a dark blue shirt, but the shirt found was black. Petitioner also argues that defense counsel should have filed a motion in limine to bar the victim from identifying the shirt as the one worn by Petitioner.

The state court properly applied Strickland when it stated, "inconsistent description of the defendant's shirt is not a basis for the filing of a motion to suppress." Dkt. #12 at 18. Since inconsistency is not a basis for filing a motion to suppress, defense counsel was not ineffective for not filing such a motion according to the state court. In addition, the state court said there no basis for filing a motion in limine because the shirt was material and relevant to the trial. Also, defense counsel impeached the victim and pointed out the inconsistences between victim's police report and trial testimony.

The state court properly applied Strickland because Petitioner made no showing that defense counsel's actions fell below the prevailing professional norm. Thus, Ground Six will be denied.

## Conclusion

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondent and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on February 18, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2007\07-cv-113.deny 2254.wpd